**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PROVIDENT LIFE AND ACCIDENT ASSURANCE CO., et al.,<br><br>    Plaintiffs and<br>    Counterdefendants,<br><br>    v.<br><br>EDWIN GROMIS,<br><br>    Defendant and<br>    Counterclaimant. | No.  CV 08-02763 VAP (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES'**<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court has received and considered the parties' proposed Stipulated Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, the Court cannot agree to the procedure the parties' propose for the filing of papers under seal. (Protective Order at ¶ 4). If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof

– under seal.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Second, the Court will not agree that material filed in this action will be designated "THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT" (Protective Order at ¶ 4(iii)(d)) because this designation might suggest that the Court has made a determination about whether particular material fits within the categories described by a Protective Order entered in this case.   If the parties wish to designate material as confidential, they can mark documents "confidential" but should not indicate that the Court has also reached a decision about the nature of the documents.

Finally, the Protective Order does not establish the requisite good cause.  Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999).

1   The Court may only enter a protective order upon a showing of good
2   cause.  <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176
3   (9th Cir. 2006) (stipulating to protective order insufficient to make
4   particularized showing of good cause, as required by Rule 26(c));
5   <u>Phillips</u>, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
6   cause for a protective order);  <u>Makar-Wellbon v. Sony Electrics, Inc.</u>,
7   187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
8   require good cause showing).

10   In any revised stipulated protective order submitted to the Court,
11  the parties must include a statement demonstrating good cause for entry
12  of a protective order pertaining to the documents or information
13  described in the order.  The documents to be protected shall be
14  specifically described and identified.  The paragraph containing the
15  statement of good cause should be preceded by the phrase: "GOOD CAUSE
16  STATEMENT."  The parties shall articulate, for each document or category
17  of documents they seek to protect, the specific prejudice or harm that
18  will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130
19  (citations omitted).
20  \\
21  \\
22  \\
23  \\
24  \\
25  \\
26  \\
27  \\
28  \\

1   In any revised stipulated protective order, the parties shall
2 include the following in the caption:  "[Discovery Document: Referred
3 to Magistrate Judge Suzanne H. Segal]."

5   IT IS SO ORDERED.

                                          /S/
                                 _____
8 DATED: January 20, 2010            SUZANNE H. SEGAL
                                 UNITED STATES MAGISTRATE JUDGE